UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTIONS TO DISMISS (Dkts. 13 & 15, filed January 12, 2016 and January 21, 2016, respectively)

DEFENDANT PARJACK GHADERI'S REQUEST FOR JOINDER (Dkt. 18, filed January 21, 2016)

PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 30, filed February 16, 2016)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing dates of March 7, 2016 and March 21, 2016 are vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On September 8, 2015, *pro se* plaintiff Robert L. Jarrett, Jr. ("plaintiff") filed the instant action against the following defendants: (1) Office of the California attorney general in its official capacity; (2) California Department of Health Care Service in its official capacity ("CDHC"); (3) Parjack Ghaderi in her official and individual capacities as deputy County Counsel; (4) Kamala D. Harris in her official and individual capacities as the California Attorney General; (5) Richard T. Waldow in his official supervisory and individual capacities as Deputy Attorney General of California; (6) Jonathan E. Rich, in his individual and official capacities as Deputy Attorney General of California ("Rich"); (7) David Maxwell-Jolly in his individual and official capacities as undersecretary of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

California Health and Human Services Agency ("Maxwell Jolly"), and (8) Toby Douglas, in his individual and official capacities as director of the California Department of Heath Care Services (collectively, "defendants"). See Dkt. 1 (Compl).

On December 11, 2015, following an intra-district transfer of the case, dkt. 6, plaintiff lodged a proposed first amended complaint and simultaneously filed a motion for leave to file the first amended complaint as a vexatious litigant, dkts. 7-8. The FAC alleges the following claims: (1) "California Equitable Estoppel"; (2) "Joint Venture Tortious Breach of Contract," purportedly under 42 U.S.C. § 1981; (3) violations of 42 U.S.C. § 1983, and (4) "Constitutionality of Agreement Between DHCS, Douglas, Maxwell-Jolly, Harris, Waldow, Rich, and California Office of the Attorney General 28 U.S.C. § 2284." See Dkt. 7 (FAC). In an order dated January 5, 2016, the Court granted plaintiff's motion to file the FAC as a vexatious litigant; accordingly, the first amended complaint, while lodged on December 11, 2015, was formally filed on January 5, 2016. Dkt. 10. On January 8, 2016, plaintiff filed a proof of service. Dkt. 12.

On January 12, 2016, all defendants besides Ghaderi filed a motion to dismiss plaintiff's FAC. Dkt. 13, 15.[1] Between January 27, 2016 and February 2, 2016, plaintiff

---

[1] On January 21, 2016, defendant Parjack Ghaderi filed a separate motion to dismiss, dkt. 15, a request for judicial notice, dkt. 17, and a request for joinder to the remaining defendants' motion to dismiss, dkt. 18. Because the grounds for defendants' January 12, 2016 motion to dismiss and legal arguments therein appear equally applicable to all defendants, including Ghaderi, the request for joinder is **GRANTED**. The Court also **GRANTS** Ghaderi's request for judicial notice of various filings in a related state court action in which Robert Jarrett, Jr. was also a plaintiff. See Dkt. 17, Ex. A-K (including filings and orders from the following actions: Jarrett v. Department of Health Care Services Medi-Cal Eligibility Division, et al., No. BS 127162 (Cal. Super. Ct. Filed June 30, 2010), dismissing appeal sub nom Jarrett v. Department of Health Services, et al., No. B 236519 (Cal. App. Ct. Filed Oct. 7, 2010), Jarrett v. Superior Court of Los Angeles, No. B 234510 (Cal. App. Ct. Filed July 20, 2011), Jarrett v. Superior Court of Los Angeles, No. B 232264 (Cal. App. Ct. Filed Apr. 13, 2011)). These documents are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

filed numerous *ex parte* applications and noticed motions seeking to strike defendants' motions to dismiss as untimely or, alternatively, for an extension of time to file oppositions to said motions. See Dkts. 22, 23, 25, 26. In an order dated February 3, 2016, this Court denied plaintiff's motion to strike defendants' motions as untimely, and further provided that plaintiff could file oppositions to said motions by February 16, 2016. Dkt. 27. On February 16, 2016, plaintiff filed both a motion for reconsideration of the Court's February 3, 2016 order, as well as a motion "motion for reassignment of judge."[2] See Dkts. 31-32. On February 24, 2016, the Honorable S. James Otero denied plaintiff's motion for reassignment of judge. Dkt. 40.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

Fed. R. Civ. P. 201(b).

[2] In his motion for reconsideration, plaintiff again argues that defendants' motions to dismiss should be stricken as untimely. Pursuant to Federal Rule of Civil Procedure 60(b), a court may reconsider a final judgment or any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) avoid judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). According to plaintiff, the proof of service filed with this Court on January 8, 2016, includes a sworn statement indicating that "the state defendant's [*sic*] were personally served on December 18, 2015 . . . and the county defendants were served by email on December 29, 2015." Dkt. 30 (Motion for Reconsideration), at 4. In plaintiff's view, "those dates started the clock for the applicable 21 day limitation period[]" for defendants to file a responsive pleading, such that their filings on January 12, 2016, and January 21, 2016, were untimely and should be stricken. Id. at 10. Again, the Court disagrees, as plaintiff's operative FAC was not formally filed until January 5, 2016, following this Court's order of the same date, dkt. 10, granting plaintiff's motion for leave to *file* his FAC (which was *lodged* on December 11, 2015). Defendants thereafter filed their motions to dismiss within 21 days, pursuant to Federal Rule of Civil Procedure 12(a). Accordingly, plaintiff's motion for reconsideration of this Court's February 3, 2016 order is hereby **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

## II. BACKGROUND

Plaintiff's "Statement of Facts" contains thirty paragraphs of allegations that are difficult to discern but appear related to a prior state court proceeding against defendants. See FAC at ¶¶ 12-41. It appears that between 2010 to 2012, plaintiff pursued a lawsuit against defendants CDHC and Maxwell-Jolly in state court for, *inter alia*, violations of 42 U.S.C. § 1983 and denial of Medi-Cal coverage. See Def's Request for Judicial Notice ("RJN"), Ex. A, B, C. Plaintiff begins his "Statement of Facts" by asserting that "[f]ederal courts are bound to apply an exception to any State court judgment . . . where the State court judgment violates any component of the due process clause in the [5th and 14th Amendments] of the United States Constitution." FAC at ¶ 12. Plaintiff then lists the previous state court case number in which he sued CDHD and Maxwell-Jolly for the aforementioned violations of 42 U.S.C. § 1983. Id. The factual allegations in the FAC largely surround alleged conduct by defendants while the state court action and appeal were still pending. See generally FAC. Plaintiff appears particularly concerned with defendant Rich's filing of a declaration on February 10, 2011 in relation to defendants' opposition to a particular ex parte application filed by plaintiff in the state court proceeding. Id. at ¶ 17. According to the complaint, "[p]laintiff questioned the veracity of [defendant] Rich's personal service concerning the opposition to the ex parte application . . . and [Superior Court Judge Anne I.] Jones found service was sufficient." Id. at ¶ 18. Plaintiff appears to disagree with Judge Jones's decision regarding the February 10, 2011 declaration. See id. at ¶¶ 35, 40.

It appears that the 42 U.S.C. § 1983 and Medi-Cal claims were adjudicated and dismissed by the Los Angles County Superior Court. Def's RJN, Ex. B. Plaintiff's appeal was subsequently dismissed by the California Court of Appeal. See FAC at ¶ 41; see also Dkt. 17, Ex. A-K.

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

###    A.   Plaintiff's Failure to File an Opposition to the Motions to Dismiss

     Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7–12. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a *pro se* litigant's contention that the district court should have warned her of the consequences of failing to file an opposition). Accordingly, plaintiff's failure to file an opposition to the instant motions to dismiss provides independent grounds for granting the motions.

###    B.   Application of the Rooker-Feldman Doctrine

     Plaintiff opens his FAC by arguing that this Court must review the decisions of the state court in his previous lawsuit against several of the defendants in this action. See FAC at ¶ 12. Plaintiff does not appear to raise any new issue or claim that was not previously addressed in the state court action; rather, plaintiff appears to seek a determination from this Court regarding whether the dismissal of his previously-litigated civil claims—and the subsequent affirmation on appeal—was proper.

     Under the Rooker-Feldman doctrine, state court decisions may not be reviewed by federal district courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)). Only the U.S. Supreme Court may reverse or modify state-court judgments. Id. "This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court action involves federal constitutional issues."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted). The doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Kelley v. Med–1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008).

Claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008); see also Doe & Assocs. Law Offices v. Napolitano, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."). Hence, to bring an action in this court, plaintiff must assert an independent claim, and not merely seek a review of the state court proceedings. See Kougasian v. TMSL, 359 F.3d 1136, 1140 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court."). Accordingly, the Court must determine whether this jurisdictional bar extends to each of plaintiff's claims here or whether plaintiff asserts an independent claim not previously adjudicated by the state court.

Plaintiff's first claim for "California Equitable Estoppel" references events that occurred during the state court trial, but it is unclear what legal claim plaintiff is attempting to assert. Specifically, plaintiff focuses on a declaration purportedly provided by defendant Rich shortly before a hearing in the state court trial, which "precluded any defense" by the plaintiff, as well as other allegations of improper procedural conduct in that case. See FAC at ¶ 45. Plaintiff alleges that "[Superior Court] Judge Jones['s] findings are the equivalence [sic] of wrongfully denying the adequacy of California law," and that "[p]laintiff was forced to rely upon Judge Jones['s] discriminatory finding . . . to plaintiff's ultimate detriment." Id. at ¶¶ 48-50; see also id. at ¶ 18 ("Judge Jones found service was sufficient . . . Judge Jones solicited comments by Ghaderi who agreed with Judge Jones['s] February 10, 2011 tentative ruling"); id. at ¶¶ 55-56. These assertions indicate that plaintiff appears to move this Court to review the state court's determination regarding the February 2011 declaration filed in the state court proceeding. Such review is precluded by the Rooker-Feldman doctrine; accordingly, to the extent the Court can discern plaintiff's claim here, the Court finds that it lacks jurisdiction over the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Plaintiff's second and third claims appear to have been previously adjudicated in the state court proceedings. Specifically, plaintiff's second claim for "Joint Venture Breach of Contract" alleges plaintiff was improperly denied certain Medi-Cal benefits; it appears plaintiff's claims regarding his denial of Medi-Cal benefits were adjudicated by the state court. See FAC at ¶ 59 ("Plaintiff applied . . . for federally funded Medi-Cal benefits . . . that lead to the proceeding . . . [of] Jarrett v. DHCS et al., BS127162, a contract proceeding, and the proceeding that le[d] to the vexatious litigant findings."); see also Def's RJN, Ex. A & C. Similarly, Plaintiff's third claim alleges violations of his civil rights under 42 U.S.C. § 1983; the state court fully adjudicated this claim. See Def's RJN, Ex. A & C. In the operative FAC in this case, plaintiff again appears to seek reconsideration of the state court judge's decisions in plaintiff's state court action. See FAC at ¶¶ 65 ("[Certain defendants] were not held accountable by Judge Jones for their failure to have provided a declaration . . . and [as] such . . . plaintiff [was not made] whole."); 66 ("Plaintiff was completely vulnerable because . . . Judge Jones found it was unnecessary for [certain defendants in the state court action] to have provided a [certain] declaration . . . ."); 62 ("The proceeding culminated with a writ of ceriorari being denied as one day late"). Accordingly, this Court lacks jurisdiction over the plaintiff's second and third claims.

With respect to allegations supporting plaintiff's final claim—the "Constitutionality of Agreement Between DHCS, Douglas, Maxwell-Jolly, Harris, Waldow, Rich, and California Office of the Attorney General 28 U.S.C. § 2284"—it is unclear what particular legal claim plaintiff is attempting to assert in these paragraphs.[3] Plaintiff again cites to state court action "BC 127162" and references the February 2011 delcaration in the state court proceedings. See FAC at ¶¶ 81, 82 (challenging the "mode of procedure in federal law or California law that should have been applied" in the state court action). Again, this Court lacks jurisdiction to review prior decisions of the state court. See Kougasian, 359 F.3d at 1143 ("In this case, Kougasian has asserted *no legal*

---

[3] Under 28 U.S.C. § 2284, which plaintiff cites here, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." It is unclear what relevance this statute might have in the instant case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07223-CAS(JPRx) | Date | March 2, 2016 |
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

*error* by the state court. She is therefore *not* bringing a de facto appeal under Rooker–Feldman. Because she is not bringing a forbidden de facto appeal, there are no issues with which the issues in her federal claims are 'inextricably intertwined' within the meaning of Rooker–Feldman.") (emphasis added).

## V. CONCLUSION

In accordance with the foregoing, the Court concludes that it lacks subject matter jurisdiction to adjudicate the instant action, pursuant to the Rooker–Feldman doctrine. Accordingly, plaintiff's action is hereby **DISMISSED**, in its entirety, without prejudice.

Plaintiff may file an amended complaint addressing the deficiencies identified herein within **twenty-one (21) days**. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |