UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                           "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

N/A                                                  N/A

**Proceedings:**   DEFENDANT PARJACK GHADERI'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT (Dkt. 45,
filed March 31, 2016)

DEFENDANT PARJACK GHADERI'S MOTION FOR LIMITED
PRE-FILING INJUNCTION AGAINST PLAINTIFF
(VEXATIOUS LITIGANT) (Dkt. 47, filed March 31, 2016)

STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT (Dkt. 49, filed April 12,
2016)

STATE DEFENDANTS' MOTION FOR PRE-FILING
INJUNCTION AND SECURITY AGAINST VEXATIOUS
LITIGANT ROBERT L. JARRETT, JR. (Dkt. 50, filed April 22,
2016)

## I.   INTRODUCTION

On September 8, 2015, *pro se* plaintiff Robert L. Jarrett, Jr. ("plaintiff") filed the
instant action against the following defendants: (1) Office of the California Attorney
General in its official capacity; (2) California Department of Health Care Service in its
official capacity ("CDHC"); (3) attorney Parjack Ghaderi in her individual and official
capacity as deputy County Counsel for the County of Los Angeles; (4) Kamala D. Harris
in her official and individual capacities as the California Attorney General; (5) Richard T.
Waldow in his official supervisory and individual capacities as Deputy Attorney General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

of California; (6) Jonathan E. Rich, in his individual and official capacities as Deputy Attorney General of California ("Rich"); (7) David Maxwell-Jolly in his individual and official capacities as undersecretary of the California Health and Human Services Agency ("Maxwell Jolly"), and (8) Toby Douglas, in his individual and official capacities as director of the California Department of Heath Care Services (collectively, "defendants"). <u>See</u> Dkt. 1 (Compl).

On December 11, 2015, following an intra-district transfer of the case, dkt. 6, plaintiff lodged a proposed first amended complaint and simultaneously filed a motion for leave to file the first amended complaint as a vexatious litigant, dkts. 7-8. The FAC alleged the following claims: (1) "California Equitable Estoppel"; (2) "Joint Venture Tortious Breach of Contract," purportedly under 42 U.S.C. § 1981; (3) violations of 42 U.S.C. § 1983, and (4) "Constitutionality of Agreement Between DHCS, Douglas, Maxwell-Jolly, Harris, Waldow, Rich, and California Office of the Attorney General 28 U.S.C. § 2284." <u>See</u> Dkt. 7 (FAC). In an order dated January 5, 2016, the Court granted plaintiff's motion to file the FAC as a vexatious litigant; accordingly, the first amended complaint, while lodged on December 11, 2015, was formally filed on January 5, 2016. Dkt. 10. On January 8, 2016, plaintiff filed a proof of service. Dkt. 12.

On January 12, 2016, all defendants except for Ghaderi filed a motion to dismiss plaintiff's FAC.[1] Dkt. 13, 15. Between January 27, 2016, and February 2, 2016, plaintiff filed numerous *ex parte* applications and noticed motions seeking to strike defendants' motions to dismiss as untimely or, alternatively, for an extension of time to file oppositions to said motions. <u>See</u> Dkts. 22, 23, 25, 26. In an order dated February 3, 2016, this Court denied plaintiff's motion to strike defendants' motions as untimely, and further ordered that plaintiff file oppositions to said motions by February 16, 2016. Dkt. 27. On February 16, 2016, plaintiff filed both a motion for reconsideration of the Court's February 3, 2016 order, as well as a motion "motion for reassignment of judge." <u>See</u> Dkts. 31-32. On February 24, 2016, the Honorable S. James Otero denied plaintiff's motion for reassignment of judge, and declined to recuse this Court. Dkt. 40.

---

[1] All defendants besides Ghaderi are collectively referred to as "the State Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Thereafter, in an order dated March 30, 2016, the Court dismissed plaintiff's FAC without prejudice on the grounds that plaintiff's action was barred by the Rooker-Feldman doctrine. Dkt. 42. The Court granted plaintiff leave to file an amended complaint that "address[ed] the deficiencies identified [in the Court's order]," warning that failure to do so might result in dismissal without prejudice. Id. at 9.

On March 23, 2016, plaintiff filed the operative Second Amended Complaint. Dkt. 44 ("SAC"). The SAC again asserts claims against defendants Office of the California Attorney General; the California Department of Health Care Services ("CDHC"); David Maxwell-Jolly, Under Secretary of the California Health and Human Services Agency; Toby Douglas, Director of CDHC; Kamala D. Harris, the Attorney General of the State of California, and Deputy California Attorney Generals Richard T. Waldow ("DAG Waldow"), and Jonathan E. Rich ("DAG Rich").[2]

On March 31, 2016, defendant Ghaderi filed a motion to dismiss plaintiff's SAC, dkt. 45, as well as a motion for a limited pre-filing injunction against plaintiff, dkt. 47. On April 12, 2016, the State Defendants filed a motion to dismiss plaintiff's SAC, dkt. 49, as well as a motion for a pre-filing injunction and security against plaintiff, dkt. 50.

---

[2] Without leave of Court, plaintiff has also added as defendants Deputy California Attorney Generals Richard J. Rojo and Martin Ageson (who is representing the State Defendants in this action), as well as attorney Anita Susan Brenner (who is representing defendant Ghaderi in this action). Any claims asserted against these newly-added defendants were asserted without proper leave of Court and are accordingly dismissed. See Kennedy v. Full Tilt Poker, No. CV 09–07964 MMM (AGRx), 2010 WL 3984749, * 1 (C.D.Cal. Oct.12, 2010) (noting that the court had stricken a third amended complaint because plaintiffs' new claims and the addition of new defendants "exceeded the authorization to amend the court granted" and plaintiffs had not sought leave to add new claims or defendants as required by Rule 15); Yau v. Duetsche Bank Nat. Trust Co. Americas, No. SACV 11-00006-JVS, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 31, 2011) ("In order to assert claims [in the second amended complaint] that were not asserted in the FAC, Plaintiffs would have had to obtain Defendants' consent or the Court's leave . . . Plaintiffs did not do so. Accordingly, the [additional] claims are dismissed without prejudice.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|----------|------------------------|------|---------------------|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

On April 22, 2016, plaintiff filed what is styled as a motion to strike the defendants' various filings.[3]  Dkt. 54.  On April 25, 2016, defendant Ghaderi joined the State Defendants' respective motions.  Dkts. 56-57.  Plaintiff has made various filings in opposition to defendants' respective motions.  See Dkts. 55, 58, 60, 61, 62, 63.  On May 6, 2016, defendant Ghaderi filed a reply, dkt. 65, as well as a supplemental reply on May 17, 2016, dkt. 70.

On June 13, 2016, the Court held oral argument on the instant motions.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Much of the text of plaintiff's Second Amended Complaint is taken verbatim from the First Amended Complaint.  As with the FAC, the SAC contains a series of allegations that are very difficult to discern but appear related to a prior state court proceeding ("the Superior Court action") against current-defendants Jonathan E. Rich, a Deputy Attorney General, and David Maxwell-Jolly, the Undersecretary of the California Health and Human Services Agency.  See Jarrett v. Department of Health Care Services Medi-Cal Eligibility Division, et al., No. BS 127162 (Cal. Super. Ct. Filed June 30, 2010); Def's Request for Judicial Notice ("RJN"), Ex. A-F.[4]  Between 2010 to 2012, plaintiff pursued

---

[3]  Although it is unclear, plaintiff's motion to strike appears to argue that the Court should exercise its discretion to strike all of defendants' motions based upon the fact that the proofs of service filed in conjunction with these motions "omit the c/o before the name Robert L. Jarrett, Jr."  Motion to Strike at 9.  Plaintiff's motion is wholly without merit and is hereby **DENIED**.

[4]In its previous order dismissing plaintiff's FAC, the Court granted defendant Ghaderi's request for judicial notice of various filings in the Superior Court action.  See Dkt. 17, Ex. A-K (including filings and orders from the following actions: Jarrett v. Department of Health Care Services Medi-Cal Eligibility Division, et al., No. BS 127162 (Cal. Super. Ct. Filed June 30, 2010), dismissing appeal sub nom Jarrett v. Department of Health Services, et al., No. B 236519 (Cal. App. Ct. Filed Oct. 7, 2010), Jarrett v. Superior Court of Los Angeles, No. B 234510 (Cal. App. Ct. Filed July 20, 2011), Jarrett v. Superior Court of Los Angeles, No. B 232264 (Cal. App. Ct. Filed Apr. 13, 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

the Superior Court action against defendants CDHC and Maxwell-Jolly for, *inter alia*, violations of 42 U.S.C. § 1983 and denial of Medi-Cal coverage.  See Def's RJN, Ex. A, B, C.  Three of the current defendants in this action—Ghaderi, Harris, and Waldow—were attorneys representing the defendants in the Superior Court action.  Id., Ex. C, at 1.

     In his SAC, plaintiff asserts in his "Statement of Facts" that "[f]ederal courts are bound to exclude the contested validity of a state court judgment . . . [where the state court] lacked subject matter jurisdiction over the *merits* because [its] interpretation [of certain provisions under California law] caused the California state law statutes to become void for vagueness."  SAC at ¶ 15.  As with plaintiff's previously-dismissed FAC, the factual allegations in the SAC, to the extent they can be discerned at all, surround alleged conduct by defendants, as well as Superior Court Judge Anne I. Jones, while the Superior Court action and appeal were still pending.  See generally SAC. Plaintiff appears particularly concerned with defendant Rich's filing of a declaration on February 10, 2011 in relation to defendants' opposition to a particular *ex parte* application filed by plaintiff in the state court proceeding.  Id. at ¶ 21.  According to the complaint, "[p]laintiff questioned the veracity of [defendant] Rich's personal service concerning the opposition to the ex parte application . . . and [Superior Court Judge Anne I.] Jones found service was sufficient."  Id. at ¶ 22.  Plaintiff appears to disagree with Judge Jones's decision regarding the February 10, 2011 declaration.

     As the Court stated in its prior order dismissing the FAC, it appears that plaintiff's 42 U.S.C. § 1983 and Medi-Cal claims were adjudicated and dismissed by the Los Angles County Superior Court.  Def's RJN, Ex. B.  Plaintiff's appeal was subsequently dismissed by the California Court of Appeal.  See Dkt. 17, Ex. A-K.

## III.   DISCUSSION

---

The Court granted the request for judicial notice on the grounds that the documents are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b).  Throughout this order, the Court references defendant Ghaderi's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|----------|------------------------|------|---------------------|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

**A.    Defendants' Motions to Dismiss**

**1.    Legal Standard**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## 2.    Application of the **Rooker-Feldman** Doctrine

As with his prior complaint in this action, plaintiff appears to allege in his SAC that this Court must review the decisions of the state court in his previous lawsuit against several of the defendants in this action.  See SAC at ¶ 15.  As the Court stated in its prior order dismissing plaintiff's FAC, to the extent the Court can discern plaintiff's allegations at all, plaintiff does not appear to raise any new issue or claim in this action that was not previously addressed in the state court action; rather, plaintiff appears to seek a determination from this Court regarding whether the dismissal of his previously-litigated civil claims—and the subsequent affirmation on appeal—was proper.

Under the Rooker-Feldman doctrine, state court decisions may not be reviewed by federal district courts.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)).  Only the U.S. Supreme Court may reverse or modify state-court judgments.  Id.  "This rule applies even when the state court judgment is not made by the highest state court, and when the challenge to the state court action involves federal constitutional issues." Dubinka v. Judges of Sup. Ct., 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted).  The doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations."  Kelley v. Med–1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008); see also Doe & Assocs. Law Offices v. Napolitano, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."). Hence, to bring an action in this Court, plaintiff must assert an independent claim, and not merely seek a review of the state court proceedings. See Kougasian v. TMSL, 359 F.3d 1136, 1140 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker–Feldman bars subject matter jurisdiction in federal district court."). Accordingly, the Court must determine whether this jurisdictional bar extends to each of plaintiff's claims here or whether plaintiff asserts an independent claim not previously adjudicated by the state court.

As with his FAC, plaintiff's first claim in the SAC for "California Equitable Estoppel" references events that occurred during the state court trial, but—as the Court indicated in its prior order dismissing the FAC—it is unclear what legal claim plaintiff is attempting to assert. Specifically, plaintiff's SAC again focuses on a declaration purportedly provided by defendant Rich shortly before a hearing in the state court trial, which "precluded any defense" by the plaintiff, as well as other allegations of improper procedural conduct in that case. See SAC at ¶ 49. In language that is wholly unchanged from plaintiff's FAC, plaintiff again alleges in the operative SAC that "[Superior Court] Judge Jones['s] findings are the equivalence [*sic*] of wrongfully denying the adequacy of California law," and that "[p]laintiff was forced to rely upon Judge Jones['s] discriminatory finding . . . to plaintiff's ultimate detriment." Id. at ¶¶ 52-54; see also id. at ¶ 22 ("Judge Jones found service was sufficient . . . Judge Jones solicited comments by Ghaderi who agreed with Judge Jones['s] February 10, 2011 tentative ruling"). Thus, plaintiff's SAC again indicates that plaintiff appears to move this Court to review the state court's determination regarding the February 2011 declaration filed in the state court proceeding. As the Court noted in its prior order, such review is precluded by the Rooker-Feldman doctrine; accordingly, to the extent the Court can discern plaintiff's claim at all, the Court continues to find that it lacks jurisdiction over the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Plaintiff's second and third claims appear to have been previously adjudicated in the state court proceedings.  Specifically, plaintiff's second claim for "Joint Venture Breach of Contract" alleges plaintiff was improperly denied certain Medi-Cal benefits; it appears plaintiff's claims regarding his denial of Medi-Cal benefits were adjudicated by the state court.  See SAC at ¶ 64 ("Plaintiff applied . . . for federally funded Medi-Cal benefits . . . that lead to the proceeding . . . [of] Jarrett v. DHCS et al., BS127162, a contract proceeding, and the proceeding that le[d] to the vexatious litigant findings."); see also Def's RJN, Ex. A & C.  Similarly, Plaintiff's third claim alleges violations of his civil rights under 42 U.S.C. § 1983; the state court fully adjudicated this claim.  See Def's RJN, Ex. A & C.  In the operative SAC in this case, plaintiff again appears to seek reconsideration of the state court judge's decisions in plaintiff's state court action.  See SAC at ¶¶ 71 ("[Certain defendants] were not held accountable by Judge Jones for their failure to have provided a declaration . . . and [as] such . . . plaintiff [was not made] whole."); 72 ("Plaintiff was completely vulnerable because . . . Judge Jones found it was unnecessary for [certain defendants in the state court action] to have provided a [certain] declaration . . . ."); 68 ("The proceeding culminated with a writ of ceriorari being denied as one day late").  Accordingly, as the Court stated in its prior order dismissing the FAC without prejudice, this Court lacks jurisdiction over the plaintiff's second and third claims.

With respect to allegations supporting plaintiff's final claim—the "Constitutionality of Agreement Between DHCS, Douglas, Maxwell-Jolly, Harris, Waldow, Rich, and California Office of the Attorney General 28 U.S.C. § 2284"—it remains unclear what particular legal claim plaintiff is attempting to assert in these paragraphs.[5]  Plaintiff again cites to state court action "BC 127162" and references the February 2011 declaration in the state court proceedings.  See SAC at ¶¶ 88, 89 (challenging the "mode of procedure in federal law or California law that should have been applied" in the state court action).  Again, this Court lacks jurisdiction to review

---

[5] Under 28 U.S.C. § 2284, which plaintiff cites here, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  It is unclear what relevance this statute might have in the instant case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                          "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

prior decisions of the state court. <u>See Kougasian</u>, 359 F.3d at 1143 ("In this case, Kougasian has asserted *no legal error* by the state court. She is therefore *not* bringing a de facto appeal under Rooker–Feldman. Because she is not bringing a forbidden de facto appeal, there are no issues with which the issues in her federal claims are 'inextricably intertwined' within the meaning of Rooker–Feldman.") (emphasis added).

**3.     State and Federal Immunities**

Plaintiff's claims are also barred by state and federal immunities. As noted above, the gravamen of plaintiff's case involves the litigation conduct of defendants Ghaderi, Harris, Waldow, and Rich in their capacity as legal counsel for the defendants in the Superior Court Action. <u>See generally</u> SAC. Accordingly, plaintiff's claims are barred as a matter of law by California's absolute litigation privilege, under which publications or broadcasts made as part of a judicial proceeding are privileged. Cal. Civ. Code § 47(b).

The California Supreme Court has described the litigation privilege as follows:

> This privilege is absolute in nature, applying to all
> publications, irrespective of their maliciousness.
> The usual formulation is that the privilege applies
> to any communication (1) made in judicial or
> quasi-judicial proceedings; (2) by litigants or other
> participants authorized by law; (3) to achieve the
> objects of the litigation; and (4) that [has] some
> connection or logical relation to the action. The
> privilege is not limited to statements made during a
> trial or other proceedings, but may extend to steps
> taken prior thereto, or afterwards.

<u>Action Apartment Ass'n, Inc. v. City of Santa Monica</u>, 41 Cal. 4th 1232, 1241 (2007) (citations and internal quotation marks omitted, modification in original). Although the litigation privilege was originally enacted as a defense to defamation, "the privilege is now held applicable to any communication, whether or not it amounts to a publication . . ., and all torts except malicious prosecution.' " <u>Rusheen v. Cohen</u>, 37 Cal. 4th 1048, 1057 (2006) (quoting <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 212 (1990)). The litigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**               "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

privilege not only applies to the pleadings themselves, but extends to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside of the courtroom and no function of the court or its officers is involved." Silberg, 41 Cal.4th at 212. The California Supreme Court has also made clear that the litigation privilege may also extend to cover activities following the entry of final judgment. See Action Apartment, 41 Cal.4th at 1241 ("The [litigation] privilege is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards."). Thus, to the extent plaintiff's claims are based upon defendants' communications as parties or legal counsel in the Superior Court Action, the claims are barred by litigation privilege immunities.

In addition, plaintiff's claims against State Defendants Harris, Waldow and Rich, are barred by prosecutorial immunity. The Ninth Circuit has extended absolute prosecutorial immunity to government attorneys defending claims against a government entity or government officials. See, e.g., Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) ("If sued in an *official* capacity, . . . any [Office of the Attorney General] attorneys sued as . . . defendants have absolute official immunity. . . . [And if ] sued in an *individual* capacity . . . any [Office of the Attorney General] attorneys are similarly absolutely immune for conduct during performance of official duties.") (citations omitted) (emphasis added); Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (holding that "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.' " (quoting Butz v. Economou, 438 U.S. 478, 512 (1978)). Accordingly, because plaintiff's claims with respect to State Defendants Harris, Waldow, and Rich all appear to arise solely from their activities as legal counsel for governmental bodies in the underlying Superior Court Action, plaintiff's claims are barred.

**B.     Defendants' Motions for a Pre-filing Injunction**

**1.     Legal Standard**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                   "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

The Ninth Circuit has noted that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148-49 (9th Cir. 1990). Indeed,

> [e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end.

In re McDonald, 489 U.S. 180, 184 (1989).

Accordingly, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). Under the power of the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take." De Long, 912 F.2d at 1147.

Central District Local Rule 83-8.1 also provides grounds for curbing vexatious litigation within this district:

> It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation. It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|----------|----------------------|------|--------------------|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

Thus, where a litigant has "abused the Court's process and is likely to continue such abuse," the Court may (1) "order a party to give security . . . to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious litigant"; or (2) "make such other orders as are appropriate to control the conduct of the vexatious litigation." C.D. Cal. Local Rule 83-8.2, 83-8.3. "Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." Id. at 83–8.2.

Ultimately, however, "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." De Long, 912 F.2d at 1149. Specifically, in the Ninth Circuit, before a plaintiff can be enjoined as a vexatious litigant, the court must find that: (1) the plaintiff had notice of the motion and an opportunity to be heard; (2) there was an adequate record for review showing that the litigant's activities were numerous or abusive; (3) the court has made substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order has an appropriate breadth and is narrowly tailored to fit the specific vice encountered. Id. at 1147-1148.

## 2.    Analysis

In their motion for a pre-filing injunction and security against plaintiff, the State Defendants seek the following:

> (1)    an order that plaintiff be barred from filing any additional papers *pro se* in this case without prior approval of this Court;

> (2)    an order that plaintiff be barred from filing any new cases in this Court based on the proceedings in the underlying Superior Court action, which forms the basis of plaintiff's allegations in this case;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                              "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|----------|------------------------|------|--------------------|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

    (3)    an order that plaintiff be barred from filing any new cases *in forma pauperis* in this Court without prior approval of this Court; and

    (4)    an order that plaintiff be barred from filing any new cases *pro se* in this Court without prior approval of this Court; and

    (5)    an order that plaintiff provide security in the amount of $17,425.00 to cover State Defendants' fees in this action to date.

Dkt. 50-1, at 1. Before determining whether any such relief is appropriate, the Court must first apply the four <u>DeLong</u> factors.

### a.     Factor 1:     Notice and Opportunity to be Heard

As a procedural matter, due process requires notice and an opportunity to be heard before an order for limited pre-filing injunction can be entered. <u>See De Long</u>, 912 F.2d at 1147. Here, plaintiff has had ample notice and opportunity to be heard. Specifically, defendants filed separate motions to deem plaintiff a vexatious litigant and enter a limited pre-filing injunction on March 31, 2016, dkt. 47, and April 22, 2016, dkt. 50. Plaintiff opposed the motions, both in writing, dkt. 61, and at oral argument on the instant motions, dkt. 78. Thus, <u>De Long</u>'s due process requirement has been met. <u>See Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1058 (9th Cir. 2007) ("In this case, [plaintiff] had fair notice of the possibility that he might be declared a vexatious litigant and have a pre-filing order entered against him because the district court's order was prompted by a motion filed by the defendants and served on [plaintiff]'s counsel. Also, [plaintiff] had the opportunity to oppose the motion, both in writing and at a hearing.").

### b.     Factor 2:     Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." <u>De Long</u>, 912 F.2d at 1147. The Ninth Circuit has held "that a district court compiled a proper record for review where " '[t]he record before the district court contained a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

complete list of the cases filed by [plaintiff] in the Central District of California, along with the complaints from many of those cases,' and where '[a]lthough the district court's decision entering the pre-filing order did not list every case filed by [plaintiff], it did outline and discuss many of them.' " Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1063 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1059). "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." De Long, 912 F.2d at 1147.

Specifically, in their request for judicial notice, the State Defendants cite at least forty-seven cases, dating as far back as 1991, wherein Robert L. Jarrett, Jr. was a plaintiff, proceeded *pro se*, and that ultimately resulted in judgments that were wholly adverse to plaintiff. See Dkt. 50-3. The State Defendants have also provided four separate orders in different actions wherein plaintiff was found to be a vexatious litigant. See State Dkt. 50-3, Ex. 49 (Pre-Filing Review Order in In re Jarret, (9th Cir. Jul. 30, 2007) (No. 07-80060)); Ex. 51 (Ruling on Motion to Declare Petitioner a Vexatious Litigant in Jarret v.Dep't of Health Care Servs., Etc., et al. (L.A. Cnty. Super. Ct. filed Mar. 30, 2011) (No. BS127162) (Jones, J.)), Ex. 55 (Order Granting Motion to Determine . . . Robert L. Jarrett Jr. to be a Vexatious Litigant in In re Robert W. Hunt MD (Bankr. C.D. Cal. Oct. 16, 2014) (No. 2:11-bk-58228 ER) (Robles, J.)), Ex. 56 (Order Finding Appellant a Vexatious Litigant in In re Robert W. Hunt MD (C.D. Cal. May 4, 2015) (No. LACV 15-0667 AG) (Guilford, J.)). In their motion, the State Defendants outline in greater detail fourteen of these actions, all of which were filed within roughly the last seven years. See Dkt. 50-1, at 5-10. Thus, the record before the Court here is more than sufficient for purposes of the instant motion. See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523 (9th Cir. 1983) (holding that 35 related complaints filed was sufficient to impose an injunction).

<blockquote>

**c.    Factor 3:    Substantive Findings as to the Frivolous Nature of Plaintiff's Litigation**

</blockquote>

"[B]efore a district court issues a pre-filing injunction against a pro se litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions.' " De Long, 912 F.2d at 1148 (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) (per curiam)). To determine whether the litigation is frivolous, district courts must "look at 'both the number and content of the filings as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

indica' of the frivolousness of the litigant's claims." Id. (citation omitted). The Ninth Circuit has held that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." Id. Further, " '[t]he plaintiff's claims must not only be numerous, but also be patently without merit.' " Molski, 500 F.3d at 1059 (quoting Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 1990)).

Here, plaintiff's litigation history reveals a pattern of filing many frivolous claims. The number of such claims was sufficiently numerous, as plaintiff has filed at least 47 actions dating back to 1991, all of which resulted in judgments that were adverse to plaintiff. See Dkt. 50-3. Again, the State Defendants outline in greater detail fourteen of these actions, all of which were filed within roughly the last seven years. See Dkt. 50-1, at 5-10. Notably, under California law, a " '[v]exatious litigant' means a person who . . . *[i]n the immediately preceding seven-year period* has commenced . . . in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ." Cal. Code Civ. Pro. § 391(b)(1) (emphasis added). Plaintiff easily meets this standard.

Furthermore, plaintiff's litigation history demonstrates that his claims are "patently without merit." In one case, an Appellate Commissioner of the Ninth Circuit stated in a May 15, 2007 order that Jarrett's "practice of burdening [the] court with meritless litigation justifies careful oversight of [his] future litigation in [the Ninth Circuit]." Dkt. 51, Ex. 48 (In re Jarrett, Case No. 07-80060). The court then ordered plaintiff to show cause why a pre-filing order should not be issued in the case. Id. A three-judge panel of the Ninth Circuit subsequently issued a pre-filing order barring plaintiff from filing any motions for reconsideration, rehearing, clarification, stay of mandate, or any other documents in the case without prior approval of the court. Id. at Ex. 49. More recently, in the underlying Superior Court Action that gave rise to the instant suit, the Honorable Anne I. Jones found plaintiff to be a vexatious litigant pursuant to California Code of Civil Procedures section 391. Id. at Ex. 51. In her order, Judge Jones cited findings by other courts that plaintiff's filings were generally "frivolous," "'rambling and convoluted' and substantively without merit," and "border[ed] on the unintelligible." Id. at Ex. 51, at 6. With respect to a particular filing in the Superior Court action, Judge Jones noted that it was "rambling," "convoluted," and "virtually impossible to read." Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

The State Defendants aver that a review of the judicially-noticeable materials filed in support of the instant motion reveals (1) that the defendants in plaintiff's actions often include states, federal and state courts (and even the justices of the United Supreme Court), opposing government attorneys, and other defendants who are immune from suit and/or not subject to suit in federal court; (2) that plaintiff often seeks to be relieved from having to pay court fees in the trial court, where the request is generally denied, plaintiff seeks reconsideration of the denial, then appeals the denial, fails to pay fees in the appellate court, and has his appeal denied for failure to prosecute; (3) plaintiff sometimes attempts to take the defaults of defendants, and these attempts are denied, thereby prompting plaintiff to (unsuccessfully) move to strike the defendants' motions to dismiss; (4) plaintiff files dozens of obscure, unfounded, and repetitive motions and pleadings; (5) nearly every motion plaintiff files is denied, which prompts plaintiff to move the court to reconsider many motions decided against him, generally resulting in additional denials; (6) plaintiff often moves to recuse those judges who rule against him, and these motions are denied; and (7) once the defendants' motions to dismiss are heard, the motions are granted, plaintiff appeals the resulting order or judgment, asks (unsuccessfully) to have his appellate fees waived, and his appeal is denied as frivolous or is dismissed for failure to prosecute when he does not pay the fees.  Dkt. 50-1, at 10-11.

The State Defendants contend that "[a]s a matter of general federal law, including under De Long, *supra*, the above record clearly establishes that [p]laintiff is a vexatious litigant." Id. at 11.  As the State Defendants and defendant Ghaderi rightly note, plaintiff's conduct throughout the course of this case appears to resemble the pattern of plaintiff's conduct in prior proceedings.  Specifically, plaintiff here has made numerous filings that are convoluted, largely unintelligible, and wholly without merit.  Plaintiff has also responded to this Court's dismissal of his action with leave to amend by filing a Second Amended Complaint that, for the most part, does not differ from the First Amended Complaint, except that it adds as defendants in this action those attorneys who filed the original, successful motions to dismiss the case.  Moreover, plaintiff's claims in this action are "patently without merit," as they involve state and federal litigation privilege, as well as the Rooker-Feldman bar.  See Molski, 500 F.3d at 1059 (holding that an injunction can be issued if the claims are "patently without merit") (internal quotations omitted).  Plaintiff asserts numerous claims against persons who are immune from suit, and against state and federal officers under questionable theories of liability.  See Walker v. Stanton, 2008 WL 4401388, at *11-12 (C.D. Cal. Sept. 2, 2008) (finding plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                     "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

lawsuits to be frivolous when plaintiff repeatedly sued persons determined to be immune from suit and "against justices of the California Court of Appeal, the California Superior Court judge who presided over his trial, and the prosecutor who tried the charges against him, despite the well-established doctrines of judicial and prosecutorial immunity").

In light of the foregoing, the Court finds plaintiff's litigation history, including the history with respect to the named defendants here, to be frivolous in nature.  Cf. Huggins v. Hynes, 117 F. App'x. 517, 518 (9th Cir. 2004) (holding that "[t]he district court properly exercised its discretion to find [plaintiff] a vexatious litigant because the court . . . found that [plaintiff] abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings") (citing Cal. Code Civ. Pro. § 391(b)(2)-(b)(3)).

### d.   Factor 4:   Narrowly Tailored Order

A pre-filing order "must be narrowly tailored to the vexatious litigant's wrongful behavior." Molski, 500 F.3d at 1061.  The Ninth Circuit has found an order preventing a litigant from filing any suit in a particular district court to be overbroad. De Long, 912 F.2d at 1148.  On the other hand, the Ninth Circuit has approved prefiling orders against vexatious litigants who repeatedly file or appeal claims arising from the same issues. See, e.g., Clinton v. United States, 297 F.2d 899, 902 (9th Cir. 1961); Wood, 705 F.2d at 1525.

In their motion, the State Defendants request various forms of relief, some of which are likely overly broad and potentially inappropriate here.  For example, defendants seek a pre-filing injunction precluding plaintiff from filing additional suits in this district either *pro se* or *in forma pauperis*.  Any such injunction would not be sufficiently tailored to the circumstances here, as the Ninth Circuit has found an order precluding a litigant from freely filing any suit in a particular district court to be overly broad. De Long, 912 F.2d at 1148; see also Molski, 500 F.3d at 1061 ("[A]n order requiring a plaintiff to show good cause before making any request to proceed in forma pauperis was not narrowly tailored.") (citing O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

The State Defendants also request that plaintiff be required to post security in the amount of $17,415 to cover State Defendants' fees incurred in defending this action. Dkt. 50-1 at 1.  Pursuant to Local Rule 83-8.2, the Court may order a party to "give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." C.D. Cal. L. R. 83-8.2.  However, State Defendants have failed to show that the fees incurred in this action are related to the costs that may be awarded against plaintiff in this action, and therefore do not establish that this amount of security is necessary and appropriate.  See Pathak v. Omaha Steaks Intern., Inc., 2011 WL 1154273, at *4 (C.D. Cal. Mar. 28, 2011) (Lew, J.) ("However, the Court finds that Defendant has not adequately shown that an Order of Security is necessary here to secure the payment of these costs, as Defendant's request for Security in the amount of $17,000.00 *does not relate to the costs that may be awarded against Plaintiff in this action*, but instead represents Defendant's own expected reasonable costs in connection with litigating this Action.") (emphasis added).

The State Defendants also aver, however, that "[i]n order to protect [themselves], the other defendants named in this case, defendants not yet named (perhaps for merely defending this case or ones arising out of it), and the Court, it is necessary and appropriate to prevent [p]laintiff from filing yet another case based on events occurring in, or litigated in, the Underlying State Case." Dkt. 50-1 at 13.  In light of plaintiff's litigation history, as described *supra*, both in the context of this case and others described above, the Court agrees that a narrowly-tailored and limited pre-filing injunction, related only to the underlying Superior Court Action, is appropriate here.  Cf. Clinton, 297 F.2d 899 ("[T]he subjecting of another to repeated, baseless and vexatious suits at law on some particular subject matter is . . . sufficient ground for the issuance of an injunction against the perpetrator.") (citation omitted); see also Wood, 705 F.2d at 1525 (affirming an injunction against relitigation of claims where plaintiff "sought repeatedly to amend his complaints, his motions, and ultimately, the judgments entered against him . . . includ[ing] rekindling his litigation in a new action just as it is extinguished, or about to be extinguished, in an earlier action").

Accordingly, defendants' motion for pre-filing injunction against plaintiff is **GRANTED in PART**, as described more fully below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                          "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

## IV.    CONCLUSION

In accordance with the foregoing, defendants' respective motions to dismiss, dkts. 45 and 49, are hereby granted, and this action is accordingly **DISMISSED WITH PREJUDICE**.

The Court also **GRANTS IN PART** defendants' respective motions, dkt. 47 and 50, for a limited pre-filing injunction against plaintiff.

Specifically, it is ordered that plaintiff Robert L. Jarrett, Jr. is hereby deemed a vexatious litigant and, accordingly, the Court makes the following pre-filing orders:

(1)    the Court orders that plaintiff be required to submit for screening to U.S. District Judge Christina A. Snyder, or any successor designated by the Clerk of Court, any pleading or motion that plaintiff proposes to file *in the instant case*, Case No. 2:15-cv-07223-CAS-JPR. Plaintiff must make an initial showing of likelihood of success as to the merits of these pleadings or motions; thus, the Clerk of the Court shall no longer accept for filing, without first obtaining approval of the undersigned, any further motions and/or any further requests for affirmative relief *in this action*, with the exception of plaintiff's filing of a Notice of Appeal to the Ninth Circuit (should plaintiff wish to file any such appeal); and

(2)    the Court orders that plaintiff be required to submit for screening to U.S. District Judge Christina A. Snyder, or any successor designated by the Clerk of Court, any pleading or motion which proposes to file *against defendants named in this case (or their counsel)* any new action *based upon the proceedings in the underlying Superior Court action*, Jarrett v. Department

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   "O"

| Case No. | 2:15-cv-07223-CAS-JPR | Date | September 12, 2016 |
|---|---|---|---|
| Title | ROBERT L. JARRETT, JR. V. OFFICE OF THE CALIFORNIA ATTORNEY GENERAL IN ITS OFFICIAL CAPACITY, ET AL. | | |

of Health Care Services Medi-Cal Eligibility Division, et al., No. BS 127162 (Cal. Super. Ct. Filed June 30, 2010).

IT IS SO ORDERED.

_____ : 00

Initials of Preparer    IV